UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARKUS EVANS,

        Plaintiff,

        v.                                                  Case No. 24-cv-1372-bhl

SGT. TRISTAN RETZLAFF, et al.

        Defendants.

---

## DISMISSAL ORDER

---

      Plaintiff Markus Evans, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Dkt. No. 1. On January 21, 2025, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 8. The Court concluded that Evans did not state a First Amendment retaliation claim because he did not allege that he engaged in any form of First Amendment protected activity, *i.e.* filing an inmate complaint or lawsuit, that caused Defendants to "set him up" for a false conduct report; and that he had no Fourteenth Amendment due process claim because he affirmatively alleged that he received "a full due process hearing" before the guilty finding, which more than satisfied the requirement for "informal, nonadversarial due process." *Id*. at 5-6. The Court nevertheless gave Evans an opportunity to file an amended complaint to explain whether, when, and how he engaged in First Amendment protected activity that allegedly triggered the retaliatory false conduct report. *Id*. at 8.

      About ten days later, on January 31, 2025, Evans filed an amended complaint. Dkt. No. 9. The amended complaint contains no new factual allegations and merely realleges the same facts

from the original complaint.  *Compare* Dkt. No. 1 *with* Dkt. No. 9.  Instead of alleging new facts, Evans attempts to argue that the First Amendment protected activity he engaged in was "rendering [medical] aid to a helpless inmate." *Id*. at 13.  Evans again explains that he entered another inmate's cell to help during a medical "episode" but instead was falsely accused of entering the cell to assault the inmate.  *Id*. at 5, 6, & 13.  Evans, however, has no First Amendment constitutionally protected right to render medical aid to another inmate.  Toward that end, the First Amendment does not involve medical care at all—it involves freedom of speech and association.  *See Pell v. Procunier,* 417 U.S. 817, 822 (1974); *see also Shaw v. Murphy*, 532 U.S. 223, 226 (2001) (holding that inmates do not even have a constitutionally protected First Amendment right to give legal assistance to another inmate.)  And even if the First Amendment did somehow involve rendering medical aid, Evans is not a medical care professional qualified to do so.  Prison officials would therefore be more than justified in prohibiting such conduct for legitimate security reasons under *Turner v. Safley,* 482 U.S. 78  (1987).  Therefore, Evans still fails to state a First Amendment retaliation claim.

Evans also attempts to argue that he has Eighth and Fourteenth Amendment claims based on the fact that Defendants imposed a punishment of 300 days in segregation.  Dkt. No. 9 at 13-16   But, as explained in the prior screening order, Evans has no claim under either amendment unless he describes the actual conditions of his confinement—i.e. whether he had access to food, bedding, hygienic materials, utilities, and ventilation.  *See Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024) (noting that the Court looks at the "combined import" of the duration of the confinement and the conditions endured to determine if a liberty interest has been triggered under the Fourteenth Amendment); *see Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (noting that, to state an Eighth Amendment conditions of confinement claim, plaintiff must allege denial of access to "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities.").  Evans still alleges no facts at all about the actual conditions of his confinement.  *See* Dkt. No. 9.  He

states—in one sentence—that the conditions were "harsh," *see id*. at 17, but that conclusory allegation is not enough to state a claim under either amendment. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, the Court will dismiss this case for failure to state a claim.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 28, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.