MARKUS EVANS,

       Plaintiff,

       v.                               Case No. 24-cv-1372-bhl

SGT. TRISTAN RETZLAFF,
LT. ANTHONY MATUSHAK,
LT. JOHN LANNOYE,
CPT. MICHAEL COLE,
CPT. JAY VAN LANEN, and
JOHN KIND,

       Defendants.

# SCREENING ORDER

Plaintiff Markus Evans, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 28, 2026, the Court dismissed this action after concluding the amended complaint failed to state a claim upon which relief could be granted. Dkt. No. 10. Evans appealed only the dismissal of his due process claims against Lt. Anthony Matushak and Captain Michael Cole. On February 19, 2026, the appellate court vacated the judgment against Matushak and Cole and remanded the case to this Court for further proceedings consistent with its decision. Dkt. No. 22.

Both this Court and the appellate court have summarized Evans' allegations, so it is unnecessary to do so again in this decision. *See* Dkt. Nos. 10, 22. For the reasons stated in the appellate court's decision, Evans states a Fourteenth Amendment due process claim against Matushak based on allegations that Evans' disciplinary hearing did not comport with due process because Matushak prejudged Evans' guilt. *See* Dkt. No. 22 at 4.

Moreover, in light of the appellate court's acknowledgment that its caselaw is inconsistent with regard to whether lengthy confinements in administrative segregation can constitute a deprivation of a protected liberty interest, the Court concludes that, at this early stage, Evans has

plausibly alleged that he was deprived a protected liberty interest when he was indefinitely confined to administrative segregation, which Evans alleges is no different than disciplinary segregation. *See Felton v. Brown*, 129 F.4th 999, 1007-08 (7th Cir. 2025). The parties may address this issue again at summary judgment once they have an opportunity to develop the record regarding the length and conditions of Evans' confinement in administrative segregation. The Court also concludes that Evans has plausibly alleged that the hearing determining whether Evans should be indefinitely confined in administrative confinement may not have comported with due process because the hearing officer was not an impartial decisionmaker. According to Evans, Cole was the official who determined that Evans should be indefinitely confined to administrative segregation because of the nature of the violation that resulted in his disciplinary segregation placement and was also heavily involved in the investigation of the underlying incident and, therefore, not an impartial decisionmaker. These allegations are sufficient at the pleading stage to state a due process claim. *See Prude v. Meli*, 76 F.4th 648, 657-58 (7th Cir. 2023).

The Court again notes that Evans did not appeal the Court's conclusions in the screening order that he failed to state a claim against Tristan Retzlaff, John Lannoye, Jay Van Lanen, and John Kind. Accordingly, Evans' claims against those individuals remain dismissed for the reasons explained in the screening order. *See* Dkt. No. 10.

**IT IS THEREFORE ORDERED** that for the reasons stated in the screening order, Dkt. No. 10, Evans does not state a claim against Tristan Retzlaff, John Lannoye, Jay Van Lanen, and John Kind, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Evans' amended complaint, the appellate court's mandate, and this order are being electronically sent today to the Wisconsin Department of Justice for service on Anthony Matushak and Michael Cole.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Anthony Matushak and Michael Cole shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

2

Evans is advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 19th day of March, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3